# EXHIBIT 2



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
FORT SNELLING, MINNESOTA

File Number: A071-710-649                    Date: 10/15/19

In the Matter of:                       )
                                        )   In Removal Proceedings
Omar Osman MOHAMED,                     )
                                        )   -DETAINED-
        Respondent.                     )
                                        )

Charges:        INA § 237(a)(2)(A)(iii) – convicted any time after admission of an aggravated felony under INA § 101(a)(43)(M)(i), relating to an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.

                INA § 237(a)(2)(B)(i) – convicted after admission of a controlled substance offense, other than a single offense involving possession for one's own use of thirty grams or less of marijuana.

Applications:   Asylum under INA § 208; Withholding of Removal under INA § 241(b)(3); and relief under the Convention Against Torture

ON BEHALF OF RESPONDENT:            ON BEHALF OF THE DHS:
David Thomas Kubat, Esq.            Courtney Campbell, Esq.
Zimmer Law Group                    Asst. Chief Counsel/ICE
155 Wabasha Ave. S., Ste. 100       1 Federal Dr., Suite 1800
Saint Paul, MN 55107                Fort Snelling, MN 55111

## DECISION OF THE IMMIGRATION JUDGE

### I.   Background

Respondent is a 39-year-old male and a native and citizen of Somalia. (Ex. 1). On December 18, 2017, Immigration Judge (IJ) Kristin W. Olmanson granted Respondent's application for cancellation of removal for certain permanent residents under INA § 240A(a), and granted—in the alternative—his applications for asylum under INA § 208 and withholding of removal under INA § 241(b)(3). (Ex. 28). The U.S. Department of Homeland Security (DHS) appealed that decision, and on May 31, 2018, the Board of Immigration Appeals ("BIA" or "the Board") remanded the case to this Court,

Decision – A071-710-649                    1

reversing the grant of cancellation of removal in the exercise of discretion and reversing the alternative grants of asylum and withholding of removal. (Ex. 32).

On remand, IJ Olmanson denied Respondent's application for asylum in the exercise of discretion, granted Respondent's application of withholding of removal under INA § 241(b)(3), and denied in the alternative Respondent's application for relief under Article 3 of the Convention Against Torture (CAT). (Ex. 38).[1] The DHS appealed again, and on July 2, 2019, the Board remanded the case. (Ex. 44). Now on remand, the Board has instructed this Court to allow for further consideration of Respondent's request for protection based on religion,[2] to afford the DHS an opportunity to develop the record with respect to any religion-based claim that Respondent may seek to pursue, and to reassess asylum under the discretionary framework set forth in Matter of Pula, 19 I&N Dec. 467 (BIA 1987), if applicable. See id. at 3. For the reasons below, the Court will deny asylum under INA § 208, withholding of removal under INA § 241(b)(3), and relief under the CAT.

## II.   Evidence Presented

### a. Testimony

The parties entered no new testimony into the record following the Board's remand on July 2, 2019. Accordingly, the Court incorporates its summary of testimony from the oral decision by IJ Olmanson dated December 18, 2017. (Ex. 28). In that decision, the Court found Respondent and his witnesses generally credible. See id.

### b. Documentation

The Court had previously admitted Exhibits 1 through 36 into the record. (Ex. 38 at 2–4). In addition, the Court now marks and allows into evidence the exhibits listed below.

Ex. 37:   Transcripts of Hearings in Removal Proceedings on July 11, 2018, and August 23, 2018.
Ex. 38:   Decision of IJ Kristin W. Olmanson granting Respondent's application for withholding of removal under INA § 241(b)(3) and denying Respondent's applications for asylum under INA § 208 and relief under the Convention Against Torture, dated September 28, 2018.
Ex. 39:   Summary Order, dated September 28, 2018.

---

[1] Through this Decision, the Court marks and allows into evidence Exhibits 37 through 45, as marked in Section II.b of this Decision.

[2] The Board affirmed IJ Olmanson's conclusion that Respondent did not carry his burden of proof for withholding of removal regarding his claim that he would face a threat to his life or freedom on account of his clan membership. (Ex. 44 at 2).

Decision – A071-710-649                                      2

Ex. 40: DHS Brief on Appeal, filed with the BIA December 6, 2018.
Ex. 41: Respondent's Brief on Appeal, filed with the BIA December 6, 2018.
Ex. 42: DHS Reply Brief, filed with the BIA December 14, 2018.
Ex. 43: DHS Motion to Accept Reply Brief, filed with the BIA December 14, 2018.
Ex. 44: Decision of the Board of Immigration Appeals remanding the case to the Immigration Judge, dated July 2, 2019.
Ex. 45: DHS's Filing of Unpublished Decisions, filed September 12, 2019.[3]

### III. Relief

    a. Asylum

After reconsidering the record as a whole, the Court now denies Respondent's application for asylum on the merits.

    *i. Legal Standard*

The applicant carries the initial burden of proof to establish his or her eligibility for asylum. INA § 208(b)(1)(B); 8 C.F.R. § 1208.13(a). To establish eligibility, an applicant must meet the definition of a "refugee," defined as an individual who is unwilling or unable to return to his or her country of nationality because of past persecution or because he or she has a well-founded fear of future persecution on account of his or her race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A); 8 C.F.R. § 1208.13(a). The harm must also be inflicted by the government or actors the government is "unwilling or unable to control." Cubillos v. Holder, 565 F.3d 1054, 1057 (8th Cir. 2009) (citing Flores-Calderon v. Gonzalez, 472 F.3d 1040, 1043 (8th Cir. 2007)).

If the applicant can establish that he or she suffered past persecution, then he or she is entitled to a rebuttable presumption that his or her fear of future persecution is "well-founded." 8 C.F.R. § 1208.13(b)(1). The government can rebut this presumption if a preponderance of the evidence shows either: (1) that there has been a "fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" in his or her native country; or (2) that he or she "could avoid persecution by relocating to another part" of the country and that "it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)-(ii); see also Bushira v. Gonzales, 442 F.3d 626, 631 (8th Cir. 2006); Matter of D-I-M-, 24 I&N Dec. 448, 450-51 (BIA 2008).

Asylum, unlike withholding of removal, may be denied in the exercise of discretion to an applicant who establishes statutory eligibility for relief. See INS v. Cardoza-Fonseca, 480 U.S. 421, 441 (1987); Matter of Mogharrabi, 19 I&N Dec. 439, 447 (BIA 1987).

---

[3] The Court notes these decisions are unpublished and do not have precedential value. See Matter of Echeverria, 25 I&N Dec. 512, 519 (BIA 2011) ("[U]npublished decisions are not binding precedent."); see also 8 C.F.R. § 1003.1(g).

Decision – A071-710-649              3

### ii. *Analysis*

#### A. Religion

The Board remanded this case to this Court "to (1) allow for further consideration of the respondent's request for protection on the basis of religion and (2) afford the DHS an opportunity to develop the record with respect to any religion-based claim that Respondent may seek to pursue." (Ex. 44 at 3). The Board agreed that the DHS did not have a "full and fair opportunity" to rebut IJ Olmanson's findings as to Respondent's claims for relief based on religion. Id. at 2–3. Now on remand, the DHS has submitted no new evidence,[4] and the parties agreed no new testimony was needed. Both parties made additional oral arguments on September 25, 2019. Thus, the Court will re-evaluate the evidence already in the record as it pertains to Respondent's claim for asylum based on religion.

At the outset, the Court notes the Board has upheld IJ Olmanson's previous finding that Respondent did not suffer past persecution on account of a protected ground.[5] See Ex. 32 at 3. Thus, the Court will evaluate Respondent's fears of future harm.

Since Respondent has not shown past persecution, he is not entitled to a presumption of a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1). If the applicant's fear of persecution is unrelated to past persecution, the applicant bears the burden of establishing that the fear is well founded. See id. An applicant has a well-founded fear of future persecution if: (1) the applicant has a fear of persecution in his or her country of nationality or, if stateless, in the country of last habitual residence, on account of race, religion, nationality, membership in a particular social group, or political opinion; (2) there is a reasonable possibility of suffering such persecution if the applicant were to return to that country; and (3) the applicant is unable or unwilling to return to, or avail himself or herself of the protection of, that country because of such fear. 8 C.F.R. § 1208.13(b)(2)(i). A well-founded fear of persecution does not exist where the applicant could avoid persecution by relocating to another part of the country and such relocation would be reasonable. 8 C.F.R. § 1208.13(b)(2)(ii). In other words, the applicant's fear of persecution must be countrywide. Mohamed v. Ashcroft, 396 F.3d 999, 1003 (8th Cir. 2005); Matter of Acosta, 19 I&N Dec. 211, 235 (BIA 1985).

To establish a well-founded fear of persecution, an applicant must present credible evidence that demonstrates that the feared harm is of a level that amounts to persecution, that the harm is on account of a protected characteristic, that the persecutor could become aware or already is aware of the characteristic, and that the persecutor has the means and inclination to persecute. Matter of Y-B-, 21 I&N Dec. 1136, 1149 (BIA 1998). A well-

---

[4] The DHS only submitted unpublished IJ and BIA decisions (Ex. 45), which are not binding on this Court.

[5] The Court reaffirms the ruling that Respondent did not suffer past persecution. See Ex. 28, IJ Oral Decision at 10 (finding no past persecution because Respondent was not personally harmed in Somalia).

Decision – A071-710-649                                4