UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
OMAR OSMAN MOHAMED,                     :        18cv11193 (DLC)
                                       :
                      Petitioner,       :        S8 06cr0600-44
                                       :               (DLC)
            -v-                         :
                                       :        OPINION AND ORDER
UNITED STATES OF AMERICA.               :
                                       :
                                       :
--------------------------------------- X

APPEARANCES

For the petitioner:
Duane Morris LLP
Thomas R. Newman
Kimball Ann Lane
1540 Broadway
New York, NY 10036

For the United States of America:
United States Attorney
Southern District of New York
Geoffrey S. Berman
Andrew A. Rohrbach
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

     Omar Osman Mohamed ("Mohamed") brings a petition for a writ

of error coram nobis.  For the following reasons, his petition

is denied.

## Background

     Mohamed is a Somali citizen who entered the United States

as a refugee in 1995.  A year later, he became a lawful

permanent resident.  On November 7, 2007, Mohamed pleaded guilty

before Magistrate Judge James C. Francis IV to a superseding information charging him with misdemeanor possession without a prescription of khat plants containing cathinone, in violation of 21 U.S.C. § 844(a).[1] As part of Mohamed's plea allocution, Judge Francis asked Mohamed if he understood that, as a lawful permanent resident, "you may be subject to deportation on the basis of your conviction." Mohamed acknowledged this fact. This Court accepted Mohamed's plea on November 27, 2007. On February 8, 2008, Mohamed was sentenced to time served, a $25 special assessment, and a one-year term of supervised release.

Almost a decade later, in June 2017, a Minnesota state court found Mohamed guilty of insurance fraud for referring two patients to a doctor in violation of Minn. Stat. 609.612, subd. 2. The Department of Homeland Security ("DHS") detained Mohamed, asserting that he was eligible for removal based on his 2008 and 2017 convictions.

Mohamed went through several rounds of immigration proceedings to prevent removal. In the first proceeding, the Immigration Judge granted Mohamed discretionary cancellation of removal and, in the alternative, found that he met the statutory criteria for asylum and a withholding of removal. The Board of

---

[1] Khat is a plant that is grown and imported from the horn of Africa. Khat contains cathinone, a Schedule I controlled substance, and cathine, a Schedule IV controlled substance.

Immigration Appeals ("BIA") remanded. On remand, the
Immigration Judge rejected Mohamed's asylum claim but again
granted Mohamed a withholding of removal. Again, the BIA
remanded. On remand for the second time, the Immigration Judge
denied Mohamed all relief and ordered that he be removed from
the country. Mohamed's appeal to the BIA is pending.

On November 29, 2018, Mohamed, proceeding pro se, filed a
petition for a writ of habeas corpus under 28 U.S.C. § 2255 to
vacate, set aside, or correct his 2008 conviction. Mohamed
contended that his trial counsel was constitutionally
ineffective because he failed to arrange a plea that avoided
adverse immigration consequences and failed to advise Mohamed
that his drug conviction could trigger automatic removal. On
December 12, 2018, the Court directed Mohamed to explain why §
2255's one-year limitations period should be tolled. Mohamed
responded that his delay was attributable to his ignorance of
the immigration consequences of his plea until removal
proceedings began and because his lack of English proficiency
limited his understanding of the plea. On April 9, 2019, the
Court denied Mohamed's petition, finding that during his plea
allocution he had been advised of the potential immigration
consequences of his plea and affirmed that he could communicate
in English. Therefore, § 2255's statute of limitations was not
tolled and Mohamed's petition was untimely.

On December 5, 2019, Mohamed, now represented by counsel, filed this petition for a writ of error coram nobis, alleging that his representation by trial counsel was constitutionally deficient for a slightly different reason. This petition identifies counsel's error as advising Mohamed that he "may" be deported when counsel was obligated by law to advise Mohamed that he "would" be deported based on his plea of guilty to unlawful possession of a controlled substance. The Government filed its opposition on January 29, 2020. The motion was fully submitted on February 13.

## Discussion

"A writ of error coram nobis is an extraordinary remedy, . . . typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (citation omitted). To obtain coram nobis relief a petitioner "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Id. (citation omitted). "For purposes of a writ of error coram nobis, the petitioner's conviction is presumed to be correct, and the burden rests on the accused to show otherwise." Foont v. United States, 93 F.3d

76, 78-79 (2d Cir. 1996) (citation omitted). "Ineffective assistance of counsel, including during the plea-bargaining process, is a circumstance compelling the grant of a timely application for coram nobis relief." Doe v. United States, 915 F.3d 905, 910 (2d Cir. 2019).

"To prove ineffective assistance, a petitioner must show that defense counsel's performance was objectively unreasonable and that the deficient performance prejudiced the defense." Doe, 915 F.3d at 910 (citation omitted). As to the first prong, a "[p]etitioner establishes that counsel's performance was objectively unreasonable if it was outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). "To establish prejudice due to counsel's deficient performance in the context of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To demonstrate prejudice from ignorance of the immigration consequences of a plea agreement, a petitioner must show both that "he placed particular emphasis on immigration consequences in deciding whether or not to plead guilty" and that "but for counsel's unprofessional errors, there was a reasonable probability that the petitioner could have negotiated a plea that did not impact immigration status or that

he would have litigated an available defense." Doe, 915 F.3d at 911 (citation omitted).

Mohamed's petition relies on the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356 (2010). Citing the "unique nature of deportation," the Court in Padilla concluded that, although removal is not a direct consequence of a criminal conviction, it falls under the ambit of the Sixth Amendment right to counsel. Id. at 364. Therefore, defendants are entitled to accurate advice about the deportation consequences of a plea bargain. Id. at 366-69, 374. The Supreme Court later concluded that "Padilla does not have retroactive effect." Chaidez v. United States, 568 U.S. 342, 344 (2013).

Even if Padilla had retroactive effect, petitioner has not shown that the advice given by Mohamed's counsel fell below a reasonable level of professional competence.[2] In this petition, Mohamed no longer contests that he was told that he was at risk of being deported because of his conviction. Trial counsel's statement that Mohamed "may" face deportation, which it is

---

[2] Mohamed's wife and current counsel filed affidavits stating that the attorney who represented Mohamed in 2007 has not responded to requests for a statement describing the conversations he had with Mohamed about his plea. Mohamed's affidavit in support of this motion represents that his trial counsel did not inform him that he "would" be deported as a consequence of his guilty plea. This Opinion assumes that the attorney did not advise Mohammed that he "would" be deported because of his conviction.

assumed for purposes of this Opinion accurately captures
counsel's advice to Mohamed, was far more accurate than would
have been advice that he would definitely be deported because of
his plea.  Deportation was not a certainty, and Mohamed's
attorney was not required to advise him that it was.

In this petition, Mohamed does not suggest that removal
proceedings were initiated immediately following his 2008
conviction.  And, whenever they were begun, Mohamed had avenues
of relief available to him.  When removal proceedings began,
Mohamed could, and did, pursue asylum, Withholding of Removal,
and relief under the Convention Against Torture to forestall or
prevent removal.

Nor is there support in precedent for finding that
Mohamed's counsel was ineffective.  Courts in this Circuit have
found deficient performance based on descriptions of immigration
consequences, but they have done so only when counsel's advice
was plainly erroneous.  See, e.g., Doe, 915 F.3d at 911 (counsel
assured petitioner that he "should not have a problem with the
immigration authorities and should not face deportation");
Kovacs, 744 F.3d at 50 ("repeated erroneous assurances by
[counsel] that misprision of felony was not a deportable
offense"); Couto, 311 F.3d at 187-88 ("affirmatively misled
Defendant into believing there were things that could be done to
avoid deportation (when in fact there were none)").

Moreover, Mohamed's claim that his attorney provided ineffective assistance is governed by the Second Circuit law in force at the time of his plea in 2007. As of that time, "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is . . . objectively unreasonable." Couto, 311 F.3d at 188. In order to prove that he received ineffective assistance, then, Mohamed must show, inter alia, that his trial counsel made an affirmative misrepresentation when counsel advised him that he "may" be deported because of his conviction. This he has not shown.

Mohamed's petition also fails to meet the second prerequisite to obtain a writ of error coram nobis: that there were "sound reasons for his delay in seeking to vacate his conviction." Doe, 915 F.3d at 915 (citation omitted). See also Chhabra v. United States, 720 F.3d 395, 410 (2d Cir. 2013). Excusable delay must be determined "in light of the circumstances of the individual case." Chhabra, 720 F.3d at 410-11.

As the Order denying Mohamed's § 2255 petition recognized, there are no sound reasons for him to delay seeking relief for nearly a decade. Mohamed did not explore avenues to vacate the 2008 conviction prior to his § 2255 petition in 2018. Mohamed's failure to diligently pursue habeas or other relief distinguishes his case from those where courts have excused even

significant delay in seeking collateral relief.  See, e.g., Doe,
915 F.3d at 915 (finding sound reasons for delay where
government agents assured petitioner that his conviction would
not result in removal).  Mohamed's delay is not excusable.

### Conclusion

Mohamed's December 5, 2019 petition for a writ of error
coram nobis is denied.  Mohamed has not made a substantial
showing of a denial of a federal right and, therefore, a
certificate of appealability shall not be granted.  Hoffler v.
Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski,
135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d
24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any
appeal from this Opinion and Order would not be taken in good
faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).


Dated:    New York, New York
          March 30, 2020


          _____
                    DENISE COTE
            United States District Judge